IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Sarah E. Feldman<br>4850 Connecticut Avenue, NW<br>Apt 602<br>Washington, DC 20008 | )<br>)<br>)<br>)<br>)<br>) | |
| Plaintiff, | ) | Civil Action No.: 1:25-cv-2982 |
| | ) | |
| v. | )<br>) | |
| UNUM Life Insurance Company of America<br>2211 Congress Street<br>Portland, Maine 04122 | )<br>)<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

## COMPLAINT FOR DECLARATORY JUDGMENT AND RELATED RELIEF

COMES NOW, Sarah E. Feldman Plaintiff, by and through her attorney of record, Peter Casciano, Esq. and for her Complaint for Declaratory Judgment against UNUM Life Insurance Company of America (hereinafter "UNUM" or "Defendant"), and states as follows:

## PARTIES

1.    Plaintiff, Sarah Feldman, is a resident of Washington, DC.

2.    Defendant, UNUM, is a Maine Corporation doing business in Washington, DC.

## JURISDICTION AND VENUE

3.    Jurisdiction is founded upon 28 U.S.C. § 1331 and the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq. and without limitation, §1132(e).

4.    Venue is proper pursuant to 28 U.S.C. §1391(b) and (c).

## FACTS

5.    Ms. Feldman was born January 14, 1983 and is currently 42 years of age. Ms.
Feldman last worked as a Project Leader for the Boston Consulting Group, Inc. Her pre-
disability salary was $18,783.33 per month.

6.    As a benefit of her employment, the Boston Consulting Group, Inc. agreed to
provide Ms. Feldman with disability income coverage.  These benefits were provided through a
group policy issued to the employer by UNUM.

7.    These disability benefits were part of an employee welfare benefit plan as defined
in 29 USC § 1002(1) of the Employee Retirement Income Security Act of 1974 ("ERISA").

8.    The disability Plan provided for Long Term Disability benefits.

9.    For purposes of Ms. Feldman's Long Term Disability benefits, the Plan define the
term "disability" or "disabled" as follows:

*"Disability" and "disabled" mean that because of injury or sickness:*

1.  *The Insured cannot perform each of the material duties of [her] regular occupation;
    and*

2.  *After benefits have been paid for 24 months, the insured cannot perform each of the
    material duties of any gainful occupation for which [she] is reasonably fitted by
    training, education or experience; or*

3.  *The insured, while unable to perform all of the material duties of [her] regular
    occupation or another occupation on a full-time basis, is:*
    a.  *Performing at least one of the material duties of his regular occupation or
        another occupation on a part-time or full-time basis; and*
    b.  *Earning currently at least 20% less per month than [her] indexed pre-disability
        earnings due to that same injury or sickness*

10.    Since October 17, 2023, Ms. Feldman has not been released by her treating
physicians to resume work due to her disabling medical conditions.

11.    Since October 17, 2023, Ms. Feldman has been suffering from and receiving
treatment for ongoing symptoms from POTS, Fibromyalgia and Chronic Fatigue syndrome,

2

among other issues.

12.    UNUM approved and paid Short Term Disability benefits to Ms. Feldman through the maximum duration.

13.    Ms. Feldman's Long Term Disability benefits were denied by UNUM by decision dated June 14, 2024.

14.    Prior to the denial decision of June 14, 2024, UNUM utilized Dr. Renee Schrieber Chervenak, MD to perform a file review of Ms. Feldman's Long Term Disability claim. Dr. Chervenak's June 17, 2024 report concluded, without contacting Ms. Feldman's key supporting physician, that Ms. Feldman could perform her prior occupation.

15.    Dr. Irene Carrothers, MD was provided Dr. Chervenak's report by UNUM. Dr. Carrothers' report parroted almost word-for-word Dr. Chervenak's findings. She dismissed critical evidence and failed to cite the medical evidence in the file that she found deficient.

16.    UNUM's two file review physicians contradicted the findings and assessments of Ms. Feldman's treating medical providers and contradicted UNUM's prior full and complete approve of Ms. Feldman's Short Term Disability benefits.

17.    On December 11, 2024, Ms. Feldman timely filed the administrative appeal of the June 14, 2024 denial decision.

18.    In support of Ms. Feldman's appeal, she submitted a Functional Capacity Evaluation (FCE) dated August 28, 2024. Based on objective raw data, the evaluation squarely supports that Ms. Feldman's symptoms result in her inability to work.

19.    In support of Ms. Feldman's administrative appeal, she also submitted a Vocational Evaluation (VE) by Ms. Hubacker, dated November 30, 2024.  The VE supported the work restrictions recommended by the FCE. Among other findings, Ms. Hubacker states that Ms. Feldman is unable to perform any full time work.

20.    The clinical records submitted on appeal from Ms. Feldman's neurologist, rheumatologist and primary care physicians supported the findings of the FCE.

21.    On January 10, 2025, UNUM notified Ms. Feldman that it had considered new information and/or rationale developed on appeal that appeared to support its prior denial decision.

22.    UNUM hired , Dr. Neal Greenstein, MD to review the medical evidence submitted with Ms. Feldman's appeal brief. Dr. Greenstein dismissed the FCE, the VE and the updated clinical records, concluding illogically[1] that Ms. Feldman was not disabled during the 180 days after stopping work.

23.    On January 27, 2025, Ms. Feldman timely responded to UNUM and submitted a narrative report from Dr. Nourbakhsh, Ms. Feldman's treating physician. Dr. Nourbakhsh's response report points our that Dr. Greenstein ignores her findings, ignores Ms. Feldman's well documented disabled symptom of fatigue, and ignored the findings issued by the Mayo Clinic, where Ms. Feldman also received treatment.

24.    Also on January 27, 2025, Ms. Feldman supported a rebuttal report from the provider of the FCE who clarified that Dr. Greenstein's opinion regarding the FCE is contradictory to universally accepted medical principles and federal case law in the field of long term disability benefits cases.

25.    Ms. Feldman also drew UNUM's attention to the fact that Dr. Greenstein's substandard review was not surprising since a federal courts criticized him for similarly unhelpful analysis. *Hardy v. UNUM,* 2024 WL 4043540 (D. Minn, September 4, 2024) (Unreported) (where the Court found Dr. Greenstein failed to consider the connection between the requirements of the

---

[1] This position contradicts UNUM's own approval of STD benefits, which ran concurrent with the 180 day elimination period.

position and whether the symptoms and limitations made it possible for the claimant to perform them).

26.     The claimant also cited to federal court decision in LTD cases where FCE's were considered the gold standard of evidence. The claimant merely asked UNUM to send the file to a different reviewing physician beyond Dr. Greenstein.

27.     UNUM refused to seek a fair reviewing opinion and issued a final decision dated March 13, 2025, clearing the way for this Complaint.

28.     Defendant has failed and refused to provide Ms. Feldman benefits under the Plan since April 13, 2024 (the expiration of her elimination period under the LTD policy).

29.     As a participant in an ERISA Plan, Ms. Feldman was entitled to receive a full and fair review of her claim for benefits. As part of this full and fair review Defendant was required to fully consider all evidence submitted and Ms. Feldman was entitled to receive written notice setting forth the complete basis for the denial of benefits, what evidence would be necessary to perfect the claim, and an opportunity to rebut the reasons for denial.

30.     Ms. Feldman has complied with the terms of the Plan and ERISA and has submitted evidence of her disability to UNUM. However, UNUM has violated the terms of the Plan and ERISA by failing to provide the benefits payable under the plan and failing to provide a full and fair review of Ms. Feldman's claim as required by ERISA.

31.     Ms. Feldman has exhausted her administrative remedies.

32.     By virtue of the foregoing allegations, there exists an actual antagonistic assertion and denial of right with regard to Ms. Feldman's entitlement to disability benefits, and she hereby invokes the jurisdiction of this court to declare her right to disability benefits under the plan, and to decree specific enforcement of these rights and related relief in implementation of its terms.

33.    At all relevant times herein, UNUM acted under a conflict of interest in making the final

decision that Ms. Feldman is not entitled to LTD benefits; accordingly, the final decision should

be given no deference.

### COUNT I

### *(Failure to provide LTD benefits under ERISA)*

34. Ms. Feldman alleges and incorporates by reference paragraphs 1 through and including

33 above.

35. The disability coverage provided to Ms. Feldman was part of an "employee welfare

benefit plan" within the meaning of 29 U.S.C. §1002(1) in that the group Long Term

Disability plan was established and maintained for the purpose of providing its

participants or their beneficiaries disability benefits through the purchase of insurance.

36. Ms. Feldman was a "plan participant" of the employee welfare benefit Plan established

and maintained by [Employer]. within the meaning of 29 U.S.C. 1002(7), in that she was

or reasonably expected to become eligible to receive disability benefits from the Plan.

37. Defendant is a fiduciary with respect to the Plan within the meaning of 29 U.S.C.

§1002(21) in that it may exercise discretion with respect to decisions regarding benefits.

38. Ms. Feldman has a disability as defined by the Plan and is entitled to continuing benefits

under the terms of the Plan, and any amendments and/or modification(s) thereof.

39. Ms. Feldman complied with all Plan terms and requirements in requesting Long Term

Disability benefits for her disability and provided Defendant with information documenting her

disability.

40. Defendant violated the requirements of ERISA, 29 U.S.C. §1132(a)(1)(B) by

denying benefits under the Plan for which Ms. Feldman was eligible despite her clear

documentation of disability.

41. The denial of LTD benefits by Defendant was and is not supported by the preponderance of evidence and is erroneous as a matter of law and in violation of ERISA.

42. Further, the denial of LTD benefits by Defendant was and is arbitrary, capricious, not made in good faith, unsupported by substantial evidence, a result of a conflict of interest, and an abuse of discretion.

43. ~~The standard of review applicable to Ms. Feldman 's claim is *de novo* review.~~

44. As a direct and proximate result of the actions of Defendant, Ms. Feldman has lost monthly LTD benefits in the amount of $11,270 since April 13, 2024 and will continue to accrue a loss of monthly benefits hereafter.

45. As a direct and proximate result of the actions of Defendant, Ms. Feldman has been caused to incur attorney's fees in an attempt to secure payment of Long Term Disability benefits justly due to her.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ms. Feldman, demands the following relief against Defendant:

A. A declaration that Defendant is obligated to provide Ms. Feldman with Long Term Disability payments for a disability and mandating continued payment of monthly benefits so long as Ms. Feldman remains disabled within the meaning of the Plan until the maximum benefit period expires under the Plan;

B. That Ms. Feldman be awarded Long Term Disability benefits as provided under the policy, plus pre-judgment interest, from March 13, 2024 to the present;

C. That Ms. Feldman be awarded reasonable attorneys' fees in addition to litigation expenses and costs; and

D. Such other and further relief as this Court deems just and appropriate.

Respectfully submitted,
Sarah E. Feldman

By: _____

Peter Casciano
12358 Parklawn Drive
Suite 300
North Bethesda, MD 20852
Phone: (240) 240-2872
Fax: (240) 255-3100
peter@cascianolawgoup.com
Attorney for Plaintiff